Eastern District. lars for those which he had previously ren-
*January*, 1830. dered to the testator.

SAINET
*vs.*
SAINET.

It is therefore ordered, adjudged and de-
creed, that the judgment of the court of pro-
bates be avoided, reversed and annulled; and
it is further ordered, adjudged and decreed,
that the claimant, J. J. Mercier, be paid out
of the estate of J. B. Sainet, three hundred
and twenty-five dollars, and his costs in the
court below—the appellee to pay the costs of
this appeal.

*Soulé* for the plaintiff, *Denis* for the de-
fendant.

---

*ADAMS vs. DUPREY.*

Under the act
of 1817, a sheriff
who sold proper-
ty, subject to a
mortgage, could
not collect from
the purchaser,
the amount of
the mortgage.

APPEAL from the court of the fourth dis-
trict, the judge of the eighth presiding.

PORTER J. delivered the opinion of the
court. The plaintiff's property was sold
under execution by the defendant, who was
sheriff of the parish of Iberville. It was
subject to a mortgage, and the defendant, af-
ter paying the plaintiff in execution, left the
balance in the hands of the purchaser, for
the security of the mortgage. This action

is brought to recover the amount of the balance, the petitioner alleging, that the defendant should have paid over to the debtor, the surplus for which the property secured was sold, after satisfying the creditor.

The transaction took place previous to the enactment of the code of practice. The sheriff sold to satisfy the claim of the sueing creditor, and a subsequent mortgage for the surplus or balance, if any there should be.

The 17th section of the act of 1817, as it is commonly called, after providing for the mode of proceeding under execution, where there exists on the property a previous mortgage, to that of the sueing creditor, has the following *proviso.* "Provided, however, that in case the creditor, making the seizure, should himself have a special mortgage on the property sold, the said property shall be sold, subject only to the special mortgage anterior to that of said creditor, and to *subsequent* mortgages, only for the surplus of the price, if any there be, after satisfying such creditors." *Acts of* 1817, 38, *sec.* 17.

We think the court below did not err, in deciding in favor of the defendant. By the law just cited, the land and slaves were le-

ADAMS
*vs.*
DUPREY

gally sold, subject, for the surplus, to subsequent mortgages. The mortgagee could, consequently, have enforced his right at any time, on the property which passed, affected with this burthen, into the hands of the purchaser. By the construction of the statute, on which this action is predicated, the buyer would be compelled to pay the surplus to the owner, and the property would still be affected by the lien. This we think cannot be the true interpretation of the act. If on the other hand, we were to suppose the sale and payment of the surplus, to the debtor, raised the mortgage, we would be led to a result equally in opposition to equity and justice, and to what we conceive to be the intention of the law maker.

For, in that hypothesis, the enforcement of the right of a previous mortgage would destroy the lien of a subsequent one on property, not necessary for the satisfaction of the eldest mortgage and turn an hypothecary right on the property into a personal one, against the debtor, whom the creditor could not trust in the first instance, without a lien.

There is a bill of exceptions taken to the opinion of the court, rejecting a record, show-

ing a suit to have been commenced against the plaintiff, on the mortgage referred to in the sheriff's sale. We do not see what possible influence it could have in the case.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Porter* for plaintiff, *Eustis* for defendant.